BRIANE NELSON MITCHELL, Cal. Bar No. 116037
E-mail: mitchellbn@sec.gov
LORRAINE B. ECHAVARRIA, Cal. Bar No. 191860
E-mail: echavarrial@sec.gov
WILLIAM G. BERRY, Cal. Bar No. 206348
E-mail: berryw@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Randall R. Lee, Regional Director
Michele Wein Layne, Associate Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TENET HEALTHCARE CORPORATION, et al.,<br><br>Defendants. | Case No. CV-07-2144 RGK (AGRx)<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT TENET HEALTHCARE CORPORATION |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d)

# FINAL JUDGMENT AS TO
# DEFENDANT TENET HEALTHCARE CORPORATION

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Tenet Healthcare Corporation having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13], by filing, or causing to be filed, annual reports with Commission on Form 10-K and quarterly reports with the Commission on Form 10-Q that fail to contain material information necessary to make the required statements in the Form 10-K or Form 10-Q, in light of the circumstances under which they were made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §78m(b)(2)(A)], by failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $10,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $10,000,001 within ten business days of entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Tenet Healthcare Corporation as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into the type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing

1 account until further order of the Court. In accordance with 28 U.S.C. § 1914 and
2 the guidelines set by the Director of the Administrative Office of the United States
3 Courts, the Clerk is directed, without further order of this Court, to deduct from the
4 income earned on the money in the Fund a fee equal to ten percent of the income
5 earned on the Fund. Such fee shall not exceed that authorized by the Judicial
6 Conference of the United States.

7       The Commission may by motion propose a plan to distribute the Fund
8 subject to the Court's approval. Such a plan may provide that the Fund shall be
9 distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-
10 Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is
11 made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment
12 shall be treated as penalties paid to the government for all purposes, including all
13 tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall
14 not, after offset or reduction of any award of compensatory damages in any
15 Related Investor Action based on Defendant's payment of disgorgement in this
16 action, argue that it is entitled to, nor shall it further benefit by, offset or reduction
17 of such compensatory damages award by the amount of any part of Defendant's
18 payment of a civil penalty in this action ("Penalty Offset"). If the court in any
19 Related Investor Action grants such a Penalty Offset, Defendant shall, within 30
20 days after entry of a final order granting the Penalty Offset, notify the
21 Commission's counsel in this action and pay the amount of the Penalty Offset to
22 the United States Treasury or to a Fair Fund, as the Commission directs. Such a
23 payment shall not be deemed an additional civil penalty and shall not be deemed to
24 change the amount of the civil penalty imposed in this Final Judgment. For
25 purposes of this paragraph, a "Related Investor Action" means a private damages
26 action brought against Defendant by or on behalf of one or more investors based
27 on substantially the same facts as alleged in the Complaint in this action.
28                                                       VI.

1     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
2 Consent is incorporated herein with the same force and effect as if fully set forth
3 herein, and that Defendant shall comply with all of the undertakings and
4 agreements set forth therein.

## VII.

6     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
7 Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
8 of this Final Judgment.

## VIII.

10     There being no just reason for delay, pursuant to Rule 54(b) of the Federal
11 Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment
12 forthwith and without further notice.

Dated: APR 4 2007

_____
UNITED STATES DISTRICT JUDGE