1  BRIANE NELSON MITCHELL, Cal. Bar No. 116037
   E-mail: mitchellbn@sec.gov
2  LORRAINE B. ECHAVARRIA, Cal. Bar No. 191860
   E-mail: echavarrial@sec.gov
3  WILLIAM G. BERRY, Cal. Bar No. 206348
   E-mail: berryw@sec.gov

4

5  Attorneys for Plaintiff
   Securities and Exchange Commission
   Randall R. Lee, Regional Director
6  Michele Wein Layne, Associate Regional Director
   Andrew G. Petillon, Associate Regional Director
7  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
8  Telephone: (323) 965-3998
   Facsimile:  (323) 965-3908

9

10                **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13                                        **CV-07-2144**

14   SECURITIES AND EXCHANGE          Case No.
     COMMISSION,
15
                                      **[PROPOSED] FINAL JUDGMENT**
16              Plaintiff,            **AS TO DEFENDANT RAYMOND L.**
                                      **MATHIASEN**
17        vs.

18

19   TENET HEALTHCARE
     CORPORATION, et al.,
20
                Defendants.
21

22

23

24

25

26

27       THIS CONSTITUTES NOTICE OF ENTRY
         AS REQUIRED BY FRCP, RULE 77(d)
28

**FINAL JUDGMENT AS TO DEFENDANT RAYMOND L. MATHIASEN**

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Raymond L. Mathiasen having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons

1 in active concert or participation with them who receive actual notice of this Final

2 Judgment by personal service or otherwise are permanently restrained and enjoined

3 from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act")

4 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

5 instruments of transportation or communication in interstate commerce or by use

6 of the mails, directly or indirectly:

7       (a)   to employ any device, scheme, or artifice to defraud;

8       (b)   to obtain money or property by means of any untrue statement of a

9           material fact or any omission of a material fact necessary in order to

10           make the statements made, in light of the circumstances under which

11           they were made, not misleading; or

12       (c)   to engage in any transaction, practice, or course of business which

13           operates or would operate as a fraud or deceit upon the purchaser.

14                                     III.

15      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

16 Defendant and Defendant's agents, servants, employees, attorneys, and all persons

17 in active concert or participation with them who receive actual notice of this Final

18 Judgment by personal service or otherwise are permanently restrained and enjoined

19 from aiding and abetting an issuer's filing of quarterly and annual reports with the

20 Commission on Forms 10-Q and Forms 10-K that fail to contain material

21 information necessary to make the required statements in the Forms 10-Q and

22 Forms 10-K, in light of the circumstances in which they are made, not misleading,

23 in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules

24 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and

25 240.13a-13].

26                                     IV.

27      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

28 Defendant and Defendant's agents, servants, employees, attorneys, and all persons

1 in active concert or participation with them who receive actual notice of this Final

2 Judgment by personal service or otherwise are permanently restrained and enjoined

3 from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act

4 [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an

5 issuer in failing to make and keep books, records, and accounts, which, in

6 reasonable detail, accurately and fairly reflect the transactions and disposition of

7 the assets of the issuer.

8                                          V.

9        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

10 Defendant and Defendant's agents, servants, employees, attorneys, and all persons

11 in active concert or participation with them who receive actual notice of this Final

12 Judgment by personal service or otherwise are permanently restrained and enjoined

13 from violating Exchange Act Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1] by,

14 directly or indirectly, falsifying or causing to be falsified, any book, record or

15 account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §

16 78m(b)(2)(A)].

17                                         VI.

18       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

19 to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Mathiasen is

20 prohibited from acting as an officer or director of any issuer that has a class of

21 securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*],

22 or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

23 U.S.C. § 78o(d)] for a period of five years.

24                                         VII.

25       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

26 Defendant is liable for disgorgement of $1, representing profits gained as a result

27 of the conduct alleged in the Complaint, and a civil penalty in the amount of

28 $240,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

1   Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall

2   satisfy this obligation by paying $240,001 within ten business days of entry of this

3   Final Judgment to the Clerk of this Court, together with a cover letter identifying

4   Raymond L. Mathiasen as a defendant in this action; setting forth the title and civil

5   action number of this action and the name of this Court; and specifying that

6   payment is made pursuant to this Final Judgment.  Defendant shall simultaneously

7   transmit photocopies of such payment and letter to the Commission's counsel in

8   this action.  By making this payment, Defendant relinquishes all legal and

9   equitable right, title, and interest in such funds, and no part of the funds shall be

10   returned to Defendant.  Defendant shall pay post-judgment interest on any

11   delinquent amounts pursuant to 28 USC § 1961.

12          The Clerk shall deposit the funds into the type of interest bearing account

13   that is utilized by the Court.  These funds, together with any interest and income

14   earned thereon (collectively, the "Fund"), shall be held in the interest bearing

15   account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and

16   the guidelines set by the Director of the Administrative Office of the United States

17   Courts, the Clerk is directed, without further order of this Court, to deduct from the

18   income earned on the money in the Fund a fee equal to ten percent of the income

19   earned on the Fund.  Such fee shall not exceed that authorized by the Judicial

20   Conference of the United States.

21          The Commission may by motion propose a plan to distribute the Fund

22   subject to the Court's approval.  Such a plan may provide that the Fund shall be

23   distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-

24   Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is

25   made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment

26   shall be treated as penalties paid to the government for all purposes, including all

27   tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall

28   not, after offset or reduction of any award of compensatory damages in any

1   Related Investor Action based on Defendant's payment of disgorgement in this
2   action, argue that he is entitled to, nor shall he further benefit by, offset or
3   reduction of such compensatory damages award by the amount of any part of
4   Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the
5   court in any Related Investor Action grants such a Penalty Offset, Defendant shall,
6   within 30 days after entry of a final order granting the Penalty Offset, notify the
7   Commission's counsel in this action and pay the amount of the Penalty Offset to
8   the United States Treasury or to a Fair Fund, as the Commission directs. Such a
9   payment shall not be deemed an additional civil penalty and shall not be deemed to
10  change the amount of the civil penalty imposed in this Final Judgment. For
11  purposes of this paragraph, a "Related Investor Action" means a private damages
12  action brought against Defendant by or on behalf of one or more investors based
13  on substantially the same facts as alleged in the Complaint in this action.

14                                    VIII.

15          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
16  Consent is incorporated herein with the same force and effect as if fully set forth
17  herein, and that Defendant shall comply with all of the undertakings and
18  agreements set forth therein.

19                                    IX.

20          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
21  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
22  of this Final Judgment.

23  //
24  //
25  //
26  //
27  //
28  //

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: APR 4 2007

UNITED STATES DISTRICT JUDGE