DONALD W. SEARLES, Cal. Bar No. 135705
E-mail: searlesd@sec.gov
KAREN MATTESON, Cal. Bar No. 102103
E-mail: mattesonk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 07-2144 RSWL (RZx) |
| Plaintiff, | **CONSENT OF DEFENDANT THOMAS B. MACKEY** |
| vs. | |
| TENET HEALTHCARE CORPORATION, a Nevada corporation, DAVID L. DENNIS, THOMAS B. MACKEY, CHRISTI R. SULZBACH, and RAYMOND L. MATHIASEN, | |
| Defendants. | |

1.      Defendant Thomas B. Mackey ("Defendant") acknowledges having been served with the First Amended Complaint ("Complaint") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)  permanently restrains and enjoins Defendant from violation of
Section 17(a) of the Securities Act of 1933 ("Securities Act"),
15 U.S.C. § 77q(a), and Section 10(b) of the Securities
Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b),
and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and from
aiding and abetting violations of Section 13(a) of the Exchange
Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13
thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13;

(b)  orders Defendant to pay disgorgement in the amount of
$1,780,000, plus prejudgment interest in the amount of
$251,541;

(c)  orders Defendant to pay a civil penalty in the amount of
$500,000 under Section 20(d) of the Securities Act, 15 U.S.C. §
77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §
78u(d)(3); and

(d)  bars Defendant, pursuant to Section 20(e) of the Securities Act,
15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act,
15 U.S.C. § 78u(d)(2), from serving as an officer or director of
any issuer that has a class of securities registered to Section 12
of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file
reports pursuant to Section 15(d) of the Exchange Act, 15
U.S.C. § 78o(d).

3.  Defendant acknowledges that the civil penalty paid pursuant to the
Final Judgment may be distributed pursuant to the Fair Fund provisions of Section
308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair
Fund distribution is made, the civil penalty shall be treated as a penalty paid to the
government for all purposes, including all tax purposes. To preserve the deterrent
effect of the civil penalty, Defendant agrees that he shall not, after offset or

1 │ reduction of any award of compensatory damages in any Related Investor Action
2 │ based on Defendant's payment of disgorgement in this action, argue that he is
3 │ entitled to, nor shall he further benefit by, offset or reduction of such compensatory
4 │ damages award by the amount of any part of Defendant's payment of a civil
5 │ penalty in this action ("Penalty Offset"). If the court in any Related Investor
6 │ Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days
7 │ after entry of a final order granting the Penalty Offset, notify the Commission's
8 │ counsel in this action and pay the amount of the Penalty Offset to the United States
9 │ Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not
10 │ be deemed an additional civil penalty and shall not be deemed to change the
11 │ amount of the civil penalty imposed in this action. For purposes of this paragraph,
12 │ a "Related Investor Action" means a private damages action brought against
13 │ Defendant by or on behalf of one or more investors based on substantially the same
14 │ facts as alleged in the Complaint in this action.

15 │     4.      Defendant agrees that he shall not seek or accept, directly or
16 │ indirectly, reimbursement or indemnification from any source, including but not
17 │ limited to payment made pursuant to any insurance policy, with regard to any civil
18 │ penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of
19 │ whether such penalty amounts or any part thereof are added to a distribution fund
20 │ or otherwise used for the benefit of investors. Defendant further agrees that he
21 │ shall not claim, assert, or apply for a tax deduction or tax credit with regard to any
22 │ federal, state, or local tax for any penalty amounts that Defendant pays pursuant to
23 │ the Final Judgment, regardless of whether such penalty amounts or any part thereof
24 │ are added to a distribution fund or otherwise used for the benefit of investors.

25 │     5.      Defendant waives the entry of findings of fact and conclusions of law
26 │ pursuant to Rule 52 of the Federal Rules of Civil Procedure.

27 │     6.      Defendant waives the right, if any, to a jury trial and to appeal from
28 │ the entry of the Final Judgment.

7.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a

1   self-regulatory organization.  This statutory disqualification has consequences that
2   are separate from any sanction imposed in an administrative proceeding.  In
3   addition, in any disciplinary proceeding before the Commission based on the entry
4   of the injunction in this action, Defendant understands that he shall not be permitted
5   to contest the factual allegations of the Complaint in this action.

6        12.   Defendant understands and agrees to comply with the Commission's
7   policy "not to permit a defendant or respondent to consent to a judgment or order
8   that imposes a sanction while denying the allegations in the complaint or order for
9   proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant
10  agrees: (i) not to take any action or to make or permit to be made any public
11  statement denying, directly or indirectly, any allegation in the Complaint or
12  creating the impression that the Complaint is without factual basis; and (ii) that
13  upon the filing of this Consent, Defendant hereby withdraws any papers filed in
14  this action to the extent that they deny any allegation in the Complaint.  If
15  Defendant breaches this agreement, the Commission may petition the Court to
16  vacate the Final Judgment and restore this action to its active docket.  Nothing in
17  this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take
18  legal or factual positions in litigation or other legal proceedings in which the
19  Commission is not a party.

20       13.   Defendant hereby waives any rights under the Equal Access to Justice
21  Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any
22  other provision of law to seek from the United States, or any agency, or any
23  official of the United States acting in his or her official capacity, directly or
24  indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
25  expended by Defendant to defend against this action.  For these purposes,
26  Defendant agrees that Defendant is not the prevailing party in this action since the
27  parties have reached a good faith settlement.
28  ///

5

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _8-13-09_                        _____
                                        Thomas B. Mackey

State of ~~California~~ Virginia
County of _Albemarle_

On _August 13, 2009_ before me, _Thomas B. Mackey_ Chris Gregorio, Notary (here insert name and title of the officer), personally appeared _Thomas B. Mackey_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/he/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ Virginia that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ #7037860 (Seal)
           My commission expires 04/30/2010.

Approved as to form:

_____
Ronald J. Nessim, Esq.
Marc E. Masters, Esq.
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
(310) 201-2100
Attorneys for Defendant Thomas B. Mackey

6

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 10, 2009, I caused to be served the following document entitled **CONSENT OF DEFENDANT THOMAS B. MACKEY** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **FEDERAL EXPRESS:**  By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

[X]   **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.


Date: <u>September 10, 2009</u>          <u>/s/ Karen Matteson</u>
                                         Karen Matteson

**SEC v. TENET HEALTHCARE CORP., et al.**
**United States District Court – Central District of California**
**CV 07-2144 DSF (RZx)**
**(LA-2658)**

SERVICE LIST

Ronald J. Nessim, Esq.
Mark T. Drooks, Esq.
Benjamin N. Gluck, Esq.
Marc E. Masters, Esq.
Steven K. Yoda, Esq.
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg
1875 Century Park East, Suite 2300
Los Angeles, CA 90067-2561
Email:  rjn@birdmarella.com
Email:  mtd@birdmarella.com
Email:  bng@birdmarella.com
Email:  mem@birdmarella.com
Email:  sky@birdmarella.com
*Attorneys for Defendant Thomas B. Mackey*