1  DONALD W. SEARLES, Cal. Bar No. 135705
   E-mail: searlesd@sec.gov
2  KAREN MATTESON, Cal. Bar No. 102103
   E-mail: mattesonk@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Michele Wein Layne, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
6  Los Angeles, California 90036-3648
   Telephone:  (323) 965-3998
7  Facsimile:   (323) 965-3908

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                         WESTERN DIVISION

12  SECURITIES AND EXCHANGE          Case No. CV 07-2144 RSWL (RZx)
    COMMISSION,
13                                   **FINAL JUDGMENT AS TO**
                                     **DEFENDANT THOMAS B.**
14            Plaintiff,             **MACKEY**

15       vs.

16  TENET HEALTHCARE
    CORPORATION, a Nevada corporation,
17  DAVID L. DENNIS, THOMAS B.
    MACKEY, CHRISTI R. SULZBACH,
18  and RAYMOND L. MATHIASEN,

19            Defendants.

20

21

22        The Securities and Exchange Commission having filed a First Amended

23  Complaint ("Complaint") and Defendant Thomas B. Mackey ("Defendant") having

24  entered a general appearance; consented to the Court's jurisdiction over Defendant

25  and the subject matter of this action; consented to entry of this Final Judgment

26  without admitting or denying the allegations of the Complaint (except as to

27  jurisdiction); waived findings of fact and conclusions of law; and waived any right

28  to appeal from this Final Judgment; and Defendant having paid $500,000 of the

$2,280,000 in profits he received from the exercise of stock options, the payment having been deposited into escrow accounts (the "Settlement Fund") established for the global settlement reached in the derivative action entitled *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Santa Barbara County Superior Court), and the class action entitled *In re Tenet Healthcare Corp. Securities Litig.*, Case No. CV-02-8462 RSWL (RZx) (C.D. Cal.), which Settlement Fund is to be administered as a Qualified Settlement Fund as described in Treas. Reg. § 1.468B:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons

2

in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing substantial assistance to an issuer that files annual reports with the Commission on Forms 10-K or quarterly reports with the Commission on Forms 10-Q that fail to contain material information necessary to make the required statements in the Forms 10-K or 10-Q, in light of the circumstances under which they are made, not misleading.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable for disgorgement of $1,780,000, representing profits gained as

a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $251,541, totaling $2,031,541, and a civil penalty in the amount of $500,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $2,531,541 within ten business days to the Clerk of this Court, together with a cover letter identifying Defendant as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Clerk shall deposit the funds into an interest bearing account pursuant to Fed. R. Civ. P. 67(b).  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest-bearing account until further order of the Court.  In accordance with Local Rule 67-2, the Clerk is authorized and directed, without further order of this Court, to deduct from the income earned on the money in the Fund a registry fee not to exceed the amount prescribed by the Judicial Conference of the United States.  The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action

1   based on Defendant's payment of disgorgement in this action, argue that he is

2   entitled to, nor shall he further benefit by, offset or reduction of such compensatory

3   damages award by the amount of any part of Defendant's payment of a civil

4   penalty in this action ("Penalty Offset").  If the court in any Related Investor

5   Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of

6   a final order granting the Penalty Offset, notify the Commission's counsel in this

7   action and pay the amount of the Penalty Offset to the United States Treasury or to

8   a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an

9   additional civil penalty and shall not be deemed to change the amount of the civil

10   penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related

11   Investor Action" means a private damages action brought against Defendant by or

12   on behalf of one or more investors based on substantially the same facts as alleged

13   in the Complaint in this action.

**V.**

15        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that,

16   pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e) and Section

17   21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is permanently

18   prohibited from acting as an officer or director of any issuer that has a class of

19   securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*

20   or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15

21   U.S.C. § 78o(d).

**VI.**

23        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

24   Consent is incorporated herein with the same force and effect as if fully set forth

25   herein, and that Defendant shall comply with all of the undertakings and

26   agreements set forth therein.

27   *

28   *

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: _____

_____
HONORABLE RONALD S. W. LEW
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 10, 2009, I caused to be served the following document entitled **FINAL JUDGMENT AS TO DEFENDANT THOMAS B. MACKEY** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **FEDERAL EXPRESS:**  By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

[X]   **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.


Date: __September 10, 2009____          __/s/ Karen Matteson_____
                                                            Karen Matteson

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEC v. TENET HEALTHCARE CORP., et al.**
**United States District Court – Central District of California**
**CV 07-2144 DSF (RZx)**
**(LA-2658)**


SERVICE LIST


Ronald J. Nessim, Esq.
Mark T. Drooks, Esq.
Benjamin N. Gluck, Esq.
Marc E. Masters, Esq.
Steven K. Yoda, Esq.
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg
1875 Century Park East, Suite 2300
Los Angeles, CA 90067-2561
Email:  rjn@birdmarella.com
Email:  mtd@birdmarella.com
Email:  bng@birdmarella.com
Email:  mem@birdmarella.com
Email:  sky@birdmarella.com
***Attorneys for Defendant Thomas B. Mackey***